IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVERARDO PUENTE, #86672-179 § | | |
| Movant/Petitioner, § | | |
| § | | |
| VS. § | | NO. 3:10-CV-1249-G (BK) |
| § | | (NO. 3:05-CR-051-G(04)) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation. Petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Pursuant to the court's order to show cause, the Government filed a response. For the reasons stated below, the section 2255 motion should be denied.

**I. BACKGROUND**

Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine, and the District Court sentenced him to 188 months' imprisonment and a five-year term of supervised release. *See United States v. Puente*, No. 3:05-CR-051-G(04) (N.D. Tex. Feb. 10, 2009). The Court of Appeals for the Fifth Circuit dismissed his direct appeal as frivolous. *See United States v. Puente*, 373 Fed. Appx. 518 (5th Cir. Apr. 20, 2010). Thereafter, Petitioner timely filed this section 2255 motion. He asserts that defense counsel operated under a conflict of interest, as a result of representing his two brothers

in an earlier criminal case stemming from the same drug conspiracy, and that this conflict obligated counsel to request a *Garcia* hearing.

## II. ANALYSIS

A. <u>Ineffective Assistance of Counsel and Conflict of Interest</u>

To establish a Sixth Amendment violation based on a conflict of interest arising from multiple representation, a section 2255 petitioner must show: "(1) that his counsel was acting under the influence of an actual conflict that (2) adversely affected representation." *United States v. Culverhouse*, 507 F.3d 888, 892-93 (5th Cir. 2007) (citing *Cuyler v. Sullivan,* 446 U.S. 335, 348-49 (1980)), and *Mickens v. Taylor,* 535 U.S. 162, 169 (2002) (clarifying *Cuyler* standard)). "[T]he first prong . . . requires a defendant to show something more than a speculative or potential conflict." *Id.* "[A] conflict will exist only where counsel is 'compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client.'" *Id.* (quoting *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006)).

The "adverse effect" standard in *Cuyler* is lower than the actual prejudice standard required by *Strickland v. Washington*, 466 U.S. 668 (1984). *See Perillo v. Johnson*, 205 F.3d 775, 806 (5th Cir. 2000). It "may be established with evidence that some plausible alternative defense strategy or tactic could have been pursued, but was not because of the actual conflict impairing counsel's performance." *Id.* at 781 (internal quotations and quoted case omitted).[1]

---

[1] The Fifth Circuit has applied *Cuyler* to cases of successive representation as well as cases of simultaneous multiple representation. *See United States v. Infante,* 404 F.3d 376, 391 n. 12 (5th Cir. 2005) (holding that "we continue to be bound by circuit precedent applying *Cuyler* to cases of successive representation").

Petitioner asserts counsel had a conflict of interest because he represented his two brothers, Oscar and Ricardo Puente, in an earlier criminal case involving the same drug trafficking conspiracy. *See United States v. Puente*, No. 3:04-CR-205 (N.D. Tex. Oct. 25, 2005) (Buchmeyer, J.). He alleges that, in cooperating with the Government, his brothers claimed that the drug proceeds belonged to Petitioner. (Pet's Br. at 3). He further alleges that counsel was "prevented . . . from objecting to the two-level manager role enhancement, because he had already defended his other clients from that 'role in the offense.'" (*Id.* at 4.)

The record reveals, however, that defense counsel was not required to choose between competing interests as a result of his representation of Petitioner's brothers. The statements made by Petitioner's brothers in the previous criminal case were consistent with the facts recited in Petitioner's Factual Resume, namely that Petitioner had requested his brothers to travel to Dallas to pick up his drug proceeds. (*See* Pet's Factual Resume at 2, Doc. # 109 in No. 3:05-CR-051-G(4)). Petitioner's counsel conceded as much in his affidavit, noting that "the facts contained in [Puente's] factual resume did not conflict in any way with any recited in his brothers' previous cases." (Doc. #6 at 2-3.)

Moreover, contrary to Petitioner's assertion, counsel twice filed written objections to the two-level enhancement for Petitioner's managerial role in the offense set out in the Presentence Report (PSR). (*See* Counsel's Aff., Doc. #6, at 2-3.) Specifically, counsel argued the two level enhancement should not apply because Petitioner was "subservient to th[e] cocaine source as were his brothers . . . ." (*See* Pet's Objections to PSR, Doc. # 117 at 37 in 3:05-CR-051-G(4).) At sentencing, the Court overruled counsel's objections because Petitioner had described himself as a broker in the conspiracy between the cocaine source and cocaine distributors, and had

admitted directing his brothers in the transportation of drug proceeds. (*See* First and Second Addendum, Doc. # 117 at 28 and 31 in 3:05-CR-051-G.)

Petitioner cannot show that defense counsel acted under an actual conflict of interest or that the alleged conflict adversely affected his representation. *See Cuyler*, 446 U.S. at 348 (holding that "in order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance"). The court further notes that all parties involved in Petitioner's criminal case were aware that defense counsel had represented his brothers in the earlier criminal case. (*See* Counsel's Affidavit, Doc. # 6 at 3.) Moreover, the parties agreed that there was no "obvious conflict" of interest as a result of counsel's earlier representation and that, should any arise, all parties and the Court would be immediately notified. *Id*. Having failed to establish actual conflict under *Cuyler*, Petitioner's first ground lacks merit and should be denied.

B. *Garcia* Hearing

In his second ground, Petitioner asserts that defense counsel was obligated to disclose his conflict of interest, and that the District Court was required to conduct a *Garcia* hearing to permit him to waive his Sixth Amendment right.

When an actual conflict of interest exists, trial courts are required to conduct a hearing, commonly referred to as a *Garcia* hearing,[2] to ascertain the effectiveness of the defendant's waiver of conflict-free counsel. *See United States v. Brown*, 553 F.3d 768, 799 (5th Cir. 2008).

---

[2] In *Garcia*, the appellate court set out the procedure to be used to ensure that a defendant knowingly and intelligently waives his right to conflict-free counsel in cases where the trial court recognizes a potential conflict of interest. *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), abrogated on other grounds by *Flanagan v. United States*, 465 U.S. 259, 263 & n. 2 (1984).

This "ensure[s] that the defendant (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." *United States v. Greig*, 967 F.2d 1018, 1022 (5th Cir. 1992).

Since defense counsel had no actual conflict of interest in this case, a *Garcia* hearing was not necessary. Petitioner's claim that counsel was ineffective for failing to request a *Garcia* hearing is also meritless. Thus, his second ground for relief should be denied.

### III. RECOMMENDATION

For the foregoing reasons it is recommended that Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.

SIGNED November 3, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE